IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GENERAL MOTORS LLC,

    Plaintiff,

v.

CANTON MOTOR SALES, INC., d/b/a
MOORE PONTIAC BUICK GMC TRUCK,
and SHOTTENKIRK AUTOMOTIVE,
INC.,

    Defendants.

CIVIL ACTION NO.

1:12-cv-1994-JEC

## O R D E R & O P I N I O N

This case is before the Court on plaintiff's Motion to Consolidate [16], defendant Canton Motor Sales, Inc.'s ("Canton's") First and Second Motions to Dismiss [17] and [26], plaintiff's Motion to Vacate Stay Order [32], and plaintiff's Motion for Leave to File Supplemental Authority [38]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Consolidate [16] should be **GRANTED**, defendant Canton's First Motion to Dismiss [17] should be **DENIED as moot** and its Second Motion to Dismiss [26] should be **DENIED**, plaintiff's Motion to Vacate Stay Order [32] should be **GRANTED**, and plaintiff's Motion for Leave to File Supplemental Authority [38] should be **GRANTED**.

AO 72A
(Rev.8/82)

**BACKGROUND**

The Court described the facts underlying this dispute in detail in its previous order in the companion case *Shottenkirk Automotive, Inc. v. General Motors LLC* (the "Shottenkirk action"), Civil Action No. 1:12-cv-2201-JEC at Docket No. [35]. The case arises out of conflicting provisions in a Settlement Agreement between plaintiff and defendant Canton and an asset purchase agreement (the "APA") between Canton and defendant Shottenkirk Automotive, Inc. ("Shottenkirk"). The Settlement Agreement, which was executed in conjunction with GM's prior bankruptcy, gives plaintiff the option to purchase designated assets from Canton's car dealership in the event that Canton fails to meet performance benchmarks for 2011. (Am. Compl. [19] at ¶ 1.) The APA provides for the sale of the Canton dealership, including the assets designated in the Settlement Agreement, to Shottenkirk. (*Id.*)

Plaintiff alleges that Canton failed to meet the 2011 benchmarks, triggering plaintiff's option rights under the Settlement Agreement. (*Id.*) Plaintiff filed this action to enforce the option provision of the Settlement Agreement. (*Id.* at 27.) In the complaint, plaintiff asserts claims against Canton for breach and specific performance of the Settlement Agreement. (*Id.* at ¶¶ 45-58.) Plaintiff also asserts claims against Canton and Shottenkirk jointly for a declaratory judgment setting forth the parties' rights under

2

the Settlement Agreement and the APA and for an injunction prohibiting Canton and Shottenkirk from any further conduct that interferes with plaintiff's exercise of its option under the Settlement Agreement. (Am. Compl. [19] at ¶¶ 33-44, 59-62.) Finally, plaintiff asserts claims against Shottenkirk for tortious interference with contractual rights and business relationships. (*Id.* at ¶¶ 63-77.)

Approximately ten days after plaintiff filed its complaint in this case, defendant Shottenkirk initiated the companion Shottenkirk action in the Cherokee County Superior Court. *Shottenkirk Automotive,* Civil Action No. 1:12-cv-2201-JEC at Docket No. [1]. The complaint in the Shottenkirk action is essentially a mirror image of the complaint in this case. *Id.* Plaintiff removed the Shottenkirk action on the bases of diversity and federal question jurisdiction, and the action was assigned to Judge Totenberg. *Id.* Upon her review of the complaint, Judge Totenberg found that the Shottenkirk action was "substantially intertwined" with the facts and issues raised by this case, and transferred the action to this Court. *Id.* at Docket No. [4].

The Court recently issued an order in the Shottenkirk action addressing several motions that are relevant to this case. Most importantly, the Court denied a motion to remand the Shottenkirk action and granted a motion to consolidate the action with this case.

3

*Id.* at Docket No. [35]. The Court also indicated that discovery in the litigation should commence immediately, and directed the parties to confer and submit a discovery plan to the Court. *Shottenkirk Automotive,* Civil Action No. 1:12-cv-2201-JEC at Docket No. [35]. In accordance with these prior rulings, the Court **GRANTS** plaintiff's motion to consolidate [16] this case with the Shottenkirk action and **GRANTS** plaintiff's motion to vacate the stay order [32] previously entered in this case. Discovery in this case should begin immediately, pursuant to the discovery plan that the parties have been directed to submit to the Court by **Friday, December 7, 2012.**

The only remaining outstanding motions are defendant Canton's first and second motions to dismiss [17] and [26] and plaintiff's related motion to file supplemental authority in opposition to dismissal [38]. Canton filed its first motion to dismiss on July 11, 2012. (Def. Canton's First Mot. to Dismiss [17].) Plaintiff subsequently amended its complaint as of right. (Pl.'s Am. Compl. [19].) As a result of plaintiff's amended complaint, Canton's first motion to dismiss [17] is **DENIED as moot**.

In its second motion to dismiss, Canton argues that plaintiff's claims are not ripe for adjudication. (Def. Canton's Second Mot. to Dismiss [26] at 2.) Consequently, Canton contends that the claims should be dismissed under Federal Rule 12(b)(1) for lack of subject

4

matter jurisdiction. (*Id.* at 4.)  Plaintiff has filed a related motion to submit supplemental authority in opposition to the motion to dismiss.  (Pl.'s Mot. for Leave to File Supplemental Authority [38].)  Specifically, plaintiff presents for the Court's consideration another district court's recent summary judgment decision in the similar case *Gen. Motors LLC v. Bill Kelley, Inc.*, No. 2:12-CV-51, 2012 WL 5378249 (N.D.W.Va. Oct. 31, 2012)(Bailey, J). The Court **GRANTS** plaintiff's motion to submit supplemental authority and, in ruling on the motion to dismiss, it has considered the recent case cited by plaintiff.

## **DISCUSSION**

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "cases and controversies." *Zinni v. ER Solutions, Inc.,* 692 F.3d 1162, 1166 (11th Cir. 2012).  The ripeness doctrine is one of several justiciability considerations that are at the core of the case or controversy requirement.  *Mulhall v. UNITE HERE Local 355,* 618 F.3d 1279, 1291 (11th Cir. 2010).  The purpose of the ripeness doctrine is to ensure that federal courts do not engage in speculation or waste their resources by reviewing "'potential or abstract disputes.'" *Id.* (quoting *Harrell v. The Florida Bar,* 608 F.3d 1241, 1257-58 (11th Cir. 2010)).  A claim that is not ripe for determination is subject to dismissal for lack of subject matter jurisdiction under Federal

5

Rule 12(b)(1).  *Dermer v. Miami-Dade Cnty.,* 599 F.3d 1217, 1220 (11th Cir. 2010).

Plaintiff's claims are asserted in an attempt to (1) enforce the terms of the Settlement Agreement and (2) recover for Canton's breach of the Agreement and for Shottenkirk's tortious interference with plaintiff's contractual rights under the Agreement.  (Am. Compl. [19] at ¶¶ 33-77.)  In support of its ripeness argument Canton cites § 15(g) of the Settlement Agreement, which imposes a 60-day deadline for complying with plaintiff's notice of intent to exercise its purchase option under the Agreement.  (Def. Canton's Second Mot. to Dismiss [26] at 3.)  Plaintiff gave notice of its intent to exercise the option on June 5, 2012.  (*Id.*)  Under § 15(g), Canton had until August 4, 2012 to close the sale required by the option.  (*Id.*) According to Canton, the fact that plaintiff's complaint was filed before the August 4 deadline raises ripeness concerns.  (*Id.*)

Canton's ripeness argument is unpersuasive for several reasons. As an initial matter, it is undisputed that the 60-day notice period has now expired and that the sale provided for in the Settlement Agreement has not closed.  (Pl.'s Opp'n to Mot. to Dismiss [31] and Def. Canton's Reply [35].)  Thus, Canton's description of this case as involving only "potential" or "hypothetical" claims is simply inaccurate.  Assuming plaintiff's allegations are true, Canton has

6

AO 72A
(Rev.8/82)

been in breach of the Agreement since the notice period expired on August 4, 2012.

Moreover, it was clear well before the expiration of the 60-day deadline expired that Canton did not intend to comply with the option provision of the Settlement Agreement. Canton and Shottenkirk executed the APA in April, 2012 and subsequently sought plaintiff's approval of the deal. (Am. Compl. [19] at ¶ 1.) When that approval was not forthcoming, Canton refused to sell the designated assets to plaintiff and Shottenkirk filed an action in state court to enforce the APA in contravention to the terms of the Settlement Agreement. (*Id.* at ¶¶ 27-32.) Under the circumstances, there is no question that the claims asserted by plaintiff for enforcement and breach of the Settlement Agreement were "sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the [C]ourt" at the time that plaintiff filed its complaint. *Digital Prop., Inc. v. City of Plantation,* 121 F.3d 586, 589 (11th Cir. 1997).

In short, there is nothing abstract or hypothetical about the claims asserted in plaintiff's complaint. Plaintiff seeks to enforce the option provision of a Settlement Agreement it executed with Canton. (Am. Compl. [19] at 27.) Canton has indicated since April, 2012 that it did not intend to participate in the sale provided for the Agreement and has allegedly been in breach of the Agreement since

7

August, 2012. The requirements of Article III are easily satisfied. *Id.* and *Mulhall,* 618 F.3d at 1291. Accordingly, the Court **DENIES** Canton's second motion to dismiss [26] on ripeness grounds.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff's Motion to Consolidate [16] should be **GRANTED**, defendant Canton's First Motion to Dismiss [17] should be **DENIED as moot** and its Second Motion to Dismiss [26] should be **DENIED**, plaintiff's Motion to Vacate Stay Order [32] should be **GRANTED**, and plaintiff's Motion for Leave to File Supplemental Authority [38] should be **GRANTED**.

The clerk is directed to **CONSOLIDATE** this case with Civil Action No. 1:12-cv-2201-JEC. The discovery plan that the parties submit to the Court on **Friday, December 7, 2012** should include a schedule for completing discovery on the issues in this case, as well as those in the Shottenkirk action.

SO ORDERED, this 27th day of November, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)